## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Binglin Zhong )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>)<br>Shanghai Jingsun Technology Co. LTD )<br>aka 'Millionhom' )<br>)<br>Defendants )<br>)<br>_____ ) | **C.A.: TO BE DETERMINED** |

## COMPLAINT FOR DESIGN PATENT INFRINGEMENT

Plaintiff Binglin Zhong ("Plaintiff") hereby bring the present action against Shanghai Jingsun Technology Co. LTD , aka 'Millionhom' ("Defendant"), and allege as follows:

### JURISDICTION AND VENUE

1.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the United States Patent Act, 35 U.S.C. § 1, et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the state of Illinois pursuant to 28 U.S.C. § 1367(a), including claims against the defendant, who sells the <u>same</u> knock-off product of the claimed design.

2.      The Honorable Court is the proper venue pursuant to 28 U.S.C. § 1391 and may properly exercise personal jurisdiction over the Defendant since the Defendant directly targets business activities toward consumers in the United States, including the State of Illinois,

1

through the fully interactive, commercial Internet store operating under the Online Marketplace Account identified as "Millionhom" store (the "Defendant Internet Store"). Specifically, the Defendant is reaching out to do business with Illinois residents by operating its commercial interactive Internet Stores, wherein Illinois residents can purchase Defendant's products featuring the Plaintiff's patented design. The Defendant has targeted the sales from Illinois residents by operating online store that offers shipping to the United States, including Illinois, accepts payment in U.S. dollars, and has sold products featuring the Plaintiff's patented design to the residents of Illinois.  In a specific instance, as shown in Exhibit A, Defendant Millionhom sold and delivered allegedly infringing product to a consumer in Illinois.  This purchase was made prior to the filing of this complaint.

3.      The Defendant commit tortious acts in Illinois, engaging in interstate commerce, and has wrongfully caused the Plaintiff substantial injury in the State of Illinois and the United States.

**INTRODUCTION**

4.      The Plaintiff filed this action to combat the online infringer who unfairly infringes the Plaintiff's invention and potential designs through marketing, selling, and/or distributing an unlicensed product that infringes upon Plaintiff's U.S. Patent US D1,008,977 S (**977) entitled "CHARGE PROTECTOR" (attached as Exhibit B), filed June 17, 2022, issuing December 26, 2023. The Defendant created the Defendant Internet Store and designed it to appear as if selling licensed products, while actually and knowingly marketing, selling, and/or distributing the same infringing product. The Defendant attempts to conceal both its identity and the full scope and interworking of its operation. Plaintiff is forced to file these actions to combat the Defendant's continuous infringement of its patented design. The Plaintiff has been and

continues to be irreparably damaged and harmed from the loss of its patents rights to exclude others from making, using, selling, offering for sale, and importing its patented design as a result of the Defendant's actions and seek temporary, preliminary, and permanent injunctive and monetary relief.

## THE BACKGROUND

5.      Plaintiff, Binglin Zhong is an individual residentsed in Guangdong, CHINA. Plaintiff is the owner of U.S. Patent US D1,008,977 S (**977) entitled "CHARGE PROTECTOR", filed June 17, 2022, issuing December 26, 2023.

6.      Plaintiff is the owner and operator of the factory and company engaged in manufacturing various industrial and consumer products, including the product embodying the **977 claimed design at issue, Mr. Zhong personally oversaw each stage of development to ensure quality and adherence to his innovative design.

7.      In October 2021, Plaintiff Binglin Zhong, together with his engineering team, initiated the design work on the product that would eventually embody the patented design claimed in**977. The development process was meticulous and involved continuous refinement, with Plaintiff and his team dedicated to enhancing the design to meet both functional and aesthetic standards. From the latter part of 2021 through 2022, Plaintiff made numerous adjustments and improvements to the design, aiming for a high-quality final product.

8.      By June 17, 2022, Plaintiff completed the final draft of the design, reflecting months of innovative effort and careful polish. On that same date, Plaintiff filed a design patent application with the United States Patent and Trademark Office, which subsequently resulted in the issuance of **977. This patent protects Plaintiff's unique and proprietary design, developed over many months and with significant investment of time and resources.

9.      Plaintiff Binglin Zhong also authorizes others to sell the product designed in

accordance with the claimed design in **977. To ensure quality distribution, Plaintiff has

authorized selected stores to sell products embodying the **977 claimed design. These stores

uphold the quality and brand integrity of the patented design, distinguishing them from

unauthorized sellers who each sell the knock-off product and infringe upon Plaintiff's

intellectual property rights. Plaintiff has established its product as the first to market and has an

established reputation for quality. Images of the claimed design is shown in the image below

(Images A and B):



IMAGE A                                        IMAGE B

10.     The Plaintiff is the lawful owner of all rights, title, and interest in the U.S. Patent US

D1,008,977 S (**977) entitled "CHARGE PROTECTOR" (attached as Exhibit B), filed June

17, 2022, issuing December 26, 2023.

11.     The Plaintiff has not granted a license or any other form of permission to Defendants

with respect to the patent design.

4

12.     The Defendant is a business entity who, upon information and belief, resides in the People's Republic of China. Defendant conducts business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of the fully interactive, commercial online marketplaces operating under the Defendant Internet Store. The Defendant targets the United States, including Illinois, and has offered to sell, and, on information and belief, has sold and continues to sell Infringing Products to consumers within the United States, including the State of Illinois. Defendant and its respective infringing products are shown in Exhibit C attached herewith.

13.     On information and belief, Defendant is an infringer knowingly and willfully making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the same knock-off product that infringes the **977 Patent.

14.     Plaintiff has not licensed or authorized the Defendant to use the invention claimed in the **977 Patent, and the Defendant is not authorized retailers of Plaintiff.

15.     On information and belief, the Defendant regularly creates new online marketplace selling links on various platforms using the identity as "Millionhom", as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendant to conceal its identities, the full scope and interworking of its operation, and to avoid being shut down.

16.     In addition to operating under multiple fictitious names, the Defendant in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendant will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

17.     Further, infringers such as the Defendant typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation despite the Plaintiff's enforcement efforts, such as take down notices.

18.     According to the Amazon store owner's information, as showed on Amazon websites, the Defendants can be identified via Chinese official company registration system. It is a registered company, and actual owners of the company are located in China. The defendant company only has few employees, and these employees are also the actual owners of the Defendant company.

19.     Defendant, without any authorization or license from Plaintiff, has knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the U.S. Patent US D1,008,977 S (**977), and continues to do so via the Defendant Internet Store. Defendant Internet Store offers shipping to the United States, including Illinois, and, on information and belief, the Defendant has sold Infringing Products into the United States, including Illinois.

20.     Defendant's infringement of the U.S. Patent US D1,008,977 S (**977), in the offering to sell, selling, or importing of the Infringing Products was willful.

21.     Defendant's infringement of the U.S. Patent US D1,008,977 S (**977), in connection with the offering to sell, selling, or importing of the Infringing Products, including the offering for sale and sale of Infringing Products into Illinois, is irreparably harming Plaintiff.


**COUNT I**
**INFRINGEMENT OF UNITED STATES**
**DESIGN PATENT NO. D1,008,977 (35 U.S.C. § 171)**


22.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

6

23.     Defendant offers for sale, sell, and/or import into the United States for subsequent resale or use Infringing Products that infringe directly and/or indirectly the ornamental design claimed in the U.S. Patent US D1,008,977 S (**977).

24.     Defendant has infringed the D1,008,977 S (**977) Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

25.     Unless a preliminary and permanent injunction is issued enjoining Defendant acting on in active concert therewith from infringing the D1,008,977 S (**977) Patent, Plaintiff will be greatly and irreparably harmed.

26.     Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against the Defendant as follows:

1)      That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

        a. offering for sale, selling, and importing any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the design claimed in the Patented Design; and

        b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Patented Design; and

7

c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2) Entry of an Order that, upon Plaintiff's request, those in privity with the Defendant and those with notice of the injunction, including, without limitation, any online marketplace platforms such as iOffer, eBay, AliExpress, Alibaba, etsy.com , Amazon, Wish.com, Walmart.com, Temu.com and Dhgate, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

a. disable and cease providing services being used by the Defendant, currently or in the future, to engage in the sale of goods that infringe the Patented Design; and

b. disable and cease displaying any advertisements used by or associated with the Defendant in connection with the sale of infringing goods using the Patented Design; and

c. take all steps necessary to prevent links to the Defendant Internet Store from displaying in search results, including, but not limited to, removing links to the Defendant Internet Store from any search index;

3) That Plaintiff be awarded such damages as it shall prove at trial against the Defendant that are adequate to compensate Plaintiff for infringement of the Patented Design, and all of the profits realized by the Defendant, or others acting in concert or participation with Defendant, from the Defendant's unauthorized use and infringement of the Patented Design;

4) That Plaintiff be awarded from the Defendant, as a result of the Defendant's use and infringement of the Patented Design, three times Plaintiff's therefrom and three times the Defendant's profits therefrom, after an accounting, pursuant to 35 USC §

284;

5)      That Plaintiff be awarded its reasonable attorneys' fees and costs; and

6)      Award any and all other relief that this Court deems just and proper.

DATED: March 19, 2025          Respectfully Submitted,
                               Robert M. DEWITTY
                               D&A|RM DeWitty, U.S. Pat. Atty., LLC
                               1500 K Street, 2nd Fl., 249B
                               Washington, D.C. 20005

                               1018 W. Madison Street, #5
                               Chicago, IL 60609
                               Tel: 202-571-7070 / 202 888-4309
                               Email: rmdewitty@dewittyip.com