IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BINGLIN ZHONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 25 C 2973 |
| ) | |
| SHANGHAI JINGSUN TECH. CO., ) | |
| ) | |
| Defendant. ) | |

**CORRECTED MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Binglin Zhong has sued Shanghai Jingsun Technology Co. Ltd. for infringement of U.S. Design Patent D1,008,977 S. Shanghai Jingsun does business as "Millionhome," so that is how the Court will refer to it here. Zhong's design patent covers a charge protector, which as best as the Court can tell is a synonym for a surge protector. Zhong's patent includes the following diagrams (two of several in the patent):



FIG.3

The surge protector sold by Millionhome looks like this:



Zhong has moved for entry of a preliminary injunction barring Millionhome from selling the allegedly infringing product and for an asset restraint to secure an eventual award of profits. The Court heard argument on the motion on May 29, 2025.

"To obtain a preliminary injunction, a party must establish likelihood of success on the merits, likelihood it will suffer irreparable harm absent preliminary relief, the balance of equities tips in its favor, and an injunction is in the public interest." *Natera, Inc. v. NeoGenomics Labs., Inc.*, 106 F.4th 1369, 1375 (Fed. Cir. 2024); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The first two factors—likelihood of success on the merits and irreparable harm—are the most critical in a patent case, and a court may deny a motion for a preliminary injunction if "a party fails to establish *either* of the[se] two critical factors." *Reebok Int'l Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1556 (Fed. Cir. 1994). Zhong's motion founders on the question of irreparable harm, so the Court need not address likelihood of success on the merits or the other preliminary injunction factors.

Zhong argues two points regarding irreparable harm: Millionhome's infringement has impaired Zhong's reputation in the market, and Millionhome is unable to satisfy a judgment. See Dkt. 16 at ECF pp. 5-6 of 10. The problem with these contentions is that Zhong has not sufficiently supported them. On the reputation issue, all that Zhong offers is that Millionhome has sold a significant amount of the allegedly infringing items and has garnered 600 online reviews. But the fact that one seller has received positive reviews does not mean that another seller's reputation has been damaged. Zhong's argument basically amounts to a *non sequitur*, and Zhong does not otherwise support its "loss of reputation" claim. Zhong does not offer, for example, an analysis of its own sales before and after Millionhome's appearance on the scene or—if Zhong is not itself a seller, which is unclear—any evidence to suggest that Millionhome's offering of its products has impaired the desirability of Zhong's design, such as might be the case if Millionhome's product doesn't work well or is otherwise inferior. In short, Zhong offers only supposition on the loss-of-reputation issue, not evidence.

The next point Zhong argues is that Millionhome will be unable to satisfy a judgment. All that Zhong offers on this, however, is that even though Millionhome has allegedly garnered revenues of $1.2 million on sales of the allegedly infringing items, when Zhong obtained discovery from Amazon.com (a platform on which Millionhome sells), Millionhome had only $25,000 in its account there. But that is neither surprising nor significant. Millionhome's Amazon.com account is the rough equivalent of a till, i.e., the drawer of a cash register. it's not particularly surprising that a seller like Millionhome would not let receipts accumulate in an account on which it (likely) is earning no interest: money sitting in the till isn't being used to pay workers and trade creditors, isn't

3

being reinvested in the seller's business, and isn't being drawn out by the seller's owner(s). And if one assumes for purposes of discussion that, in a patent infringement case, an alleged infringer's impecuniousness and resulting inability to pay a monetary award might suffice as irreparable harm, Zhong's evidence of that is too scanty here. All that Zhong has offered is the amount Millionhome had, at a particular point in time, in one specific account, not anything about Millionhome's overall assets or even its cash on hand. Zhong makes no other arguments in support of its claim of irreparable harm.

## Conclusion

For the reasons stated above, the Court denies plaintiff's motion for a preliminary injunction [dkt. no. 14]. The parties are directed to confer regarding a discovery and pretrial schedule and are to file by July 21, 2025 a joint status report with a proposed schedule for entry by the Court. A telephonic status hearing is set for July 28, 2025 at 9:05 a.m., using call-in number 650-479-3207, access code 2305-915-8729.

Date: July 13, 2025

_____
MATTHEW F. KENNELLY
United States District Judge